NUMBER 13-11-00017-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

DOUGLAS HAZZARD,                                                                 Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 94th
District Court

of Nueces County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza

 

            Following a bench trial,
the trial court found appellant, Douglas Hazzard, guilty of family violence
assault, a second-degree felony, enhanced by two prior felony convictions.  See
Tex. Penal Code Ann. § 22.01 (West
Supp. 2010); id. § 12.42 (West
Supp. 2010).  The trial court sentenced appellant to twenty-five years’ imprisonment. 
See id. § 12.42(d).  We
affirm the judgment as modified.  

I.  Anders
Brief

            Appellant’s appellate
counsel has filed a motion to withdraw and a brief in support thereof in which
he states that he has diligently reviewed the entire record and has concluded
that there is no reversible error.  See Anders v. California, 386 U.S.
738 (1967); High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel
Op.] 1978).  Counsel has informed this Court that he has (1) examined the
record and has found no arguable grounds to advance on appeal, (2) served
copies of the brief and motion to withdraw on appellant, and (3) informed appellant
of his right to review the record and to file a pro se response.[1] 
See Anders, 386 U.S. at 744; Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991).  More than an adequate time has passed, and no pro
se response has been filed.  See In re Schulman, 252 S.W.3d 403, 409
n.23 (Tex. Crim. App. 2008).  

II. 
Independent Review

Upon receiving an Anders brief,
we must conduct a full examination of all the proceedings to determine whether
the appeal is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988). 
We have reviewed the entire record and counsel’s brief, and find that the
appeal is wholly frivolous and without merit.  See Bledsoe v. State, 178
S.W.3d 824, 827–28 (Tex. Crim. App. 2005) (“Due to the nature of Anders briefs,
by indicating in the opinion it considered the issues raised in the brief and
reviewed the record for reversible error but found none, the court of appeals
met the requirements of Texas Rule of Appellate Procedure 47.1.”); Stafford,
813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court, as
modified below.

III.  Motion
to Withdraw

            In accordance with Anders,
appellant’s counsel has filed a motion to withdraw as appellate counsel.  See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17
(citing Jeffery v. State, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (“If an attorney
believes the appeal is frivolous, he must withdraw from representing the
appellant.  To withdraw from representation, the appointed attorney must file a
motion to withdraw accompanied by a brief showing the appellate court that the
appeal is frivolous.”) (citations omitted)).  We grant the motion to withdraw.

            We order that counsel
must, within five days of the date of this opinion, send a copy of the opinion
and judgment to appellant and advise him of his right to file a petition for
discretionary review.[2]
 See Tex. R. App. P. 48.4;
see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

IV. 
Modification of Judgment

            The trial court’s judgment mistakenly
states that appellant pleaded “guilty” to the offense and “true” to the State’s
enhancement allegations.  The reporter’s record reflects, however, that
appellant pleaded “not guilty” to the charged offense and the enhancement
allegations.  Because we have the necessary documents and evidence for
reformation, we modify the trial court’s judgment to reflect that appellant
pleaded “not guilty” to the charged offense and the enhancement allegations.  See
Tex. R. App. P. 43.2; Bigley
v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (en banc). 

 

 

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

18th
day of August 2011.









[1]
The Texas Court of Criminal Appeals has held that “the pro se response need
not comply with the rules of appellate procedure in order to be considered. 
Rather, the response should identify for the court those issues which the
indigent appellant believes the court should consider in deciding whether the
case presents any meritorious issues.”  In re Schulman, 252 S.W.3d 403,
409 n.23 (Tex. Crim. App. 2008) (quoting Wilson v. State, 955 S.W.2d
693, 696-97 (Tex. App.—Waco 1997, no pet.)).





[2]
No substitute counsel will be appointed.  Should appellant wish to seek further
review by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review or file a pro se petition
for discretionary review.  Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely
motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition
for discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals.  See id. at R. 68.3, 68.7.  Any petition for
discretionary review must comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See id. at R. 68.4.